

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MKM:NEM/MCM/ABK
F. #2015R00888

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 18, 2016

TO BE FILED UNDER SEAL

BY HAND DELIVERY

Clerk of the Court
(for forwarding to randomly assigned United States District Judge)
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

The Honorable Carol B. Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Jian Guo Cheng

Dear Clerk of Court and Judge Amon:

      Pursuant to Local Rule 50.3.2, the government hereby notifies the Court that the above-referenced case is presumptively related to United States v. Qian Zheng, et al., 15-CR-628 (CBA) ("Zheng"). For the following reasons, the government respectfully requests that the above-referenced matter be reassigned to Judge Amon, before whom the Zheng matter is pending, and that this letter be filed under seal. The defense does not object to these requests.

      Local Rule 50.3.2(b)(1) provides for a "presumption that one case is 'related' to another when the facts of each arise out of the same charged criminal scheme(s), transaction(s), or event(s), even if different defendants are involved in each case." Local Rule 50.3.2(c)(1) directs the United States Attorney's Office to "give notice to all relevant judges whenever it appears that one case may be presumptively related to another pursuant to Section (b)(1)."

This letter constitutes the notice directed by Local Rule 50.3.2(c)(1). This case is presumptively related to Zheng because the facts of Cheng's case arise out of the same racketeering activities and criminal conspiracies charged in Zheng. Specifically, the government expects that Cheng will waive indictment and plead guilty, pursuant to a cooperation agreement, to a one-count information charging extortionate collection of credit conspiracy, in violation of Title 18, United States Code, Section 894(a)(1). The charge against Cheng arises from his participation, with Xin Lin (also known as "Blackie") and others, in a conspiracy to use extortionate means to collect a debt at a gambling parlor in Brooklyn, New York in or about May 2013 ("the alleged May 2013 conspiracy"). Lin is charged in the Zheng matter, as are Xue Jiang Gao (also known as "Xue Zhang") and Kai Huan Huang (also known as "Shen Shen"), all of whom were involved in the alleged May 2013 conspiracy. Following Cheng's guilty plea, the government intends to file additional charges against Lin arising from the alleged May 2013 conspiracy. Cheng is expected to testify about the alleged May 2013 conspiracy at the trial of the Zheng matter, which is currently scheduled to commence on July 25, 2016 before Judge Amon. Because the above-referenced case against Cheng is thus presumptively related to Zheng, the government respectfully submits that reassignment would be appropriate, as it would likely result in a significant savings of judicial resources and serve the interests of justice.

The government further respectfully requests that this letter be filed under seal. Public disclosure of this letter would reveal Cheng's cooperation with the government. In turn, disclosure of the defendant's cooperation would jeopardize the government's compelling interest in its ongoing investigation. See United States v. Amodeo, 44 F.3d 141, 147 (2d Cir. 1995) (need to protect integrity of ongoing investigation can justify sealing); United States v. Smith, 985 F. Supp. 2d 506, 532 (S.D.N.Y. 2013) (observing that "courts have repeatedly recognized that materials, including even judicial documents which are presumptively accessible, can be kept from the public if their dissemination might 'adversely affect law enforcement interests.'" (quoting Amodeo, 71 F.3d at 1050); United States v. Milken, 780 F. Supp. 123, 127 (S.D.N.Y. 1991) ("the public should have access to information as to the general nature and extent of defendant's cooperation, if disclosure can be made without jeopardizing ongoing or future investigations, but information that identifies the target, subject or status of a particular government investigation must be redacted . . . ." (emphasis removed)). Additionally, public disclosure of this letter and revealing the defendant's cooperation would likely harm the ability of law enforcement to secure current and future cooperation from persons similarly situated to the defendant in this and other cases, a fact that also weighs against public disclosure. Amodeo, 71 F.3d at 1050.

For the foregoing reasons, the government respectfully requests that this case be reassigned to Judge Amon and that this letter be filed under seal.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By: _____
Nadia E. Moore
Maria Cruz Melendez
Ameet B. Kabrawala
Assistant U.S. Attorneys
(718) 254-6362/6408/6001

cc: Joyce C. London, Esq. (by email)
Counsel for Jian Guo Cheng