**JOYCE C. LONDON, P.C.**
ATTORNEY AT LAW
59 MAIDEN LANE. 6TH FLOOR
NEW YORK, NY 10038

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ ⸱JUL 14 2017 ★

BROOKLYN OFFICE

Tel: 212 964-3700
Email: jlondonlaw@aol.com

Fax: 212 566-7301

July 14, 2017

**By Hand Delivery**
Honorable Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

          Re:    United States v. Jian Guo Cheng,
                    16 Cr. 272 CBA)

Dear Judge Amon:

      This letter is in reply to the government's sentencing submission to address two issues: the government's contention that Mr. Cheng is not eligible for a three-level guideline reduction for acceptance of responsibility and to refute the claim that injuries sustained by the individual known as "uncle" were the result of Mr. Cheng's alleged continuance of the video game store attack on him.

1.    **Mr. Cheng Should Receive a Three-Level Reduction for Acceptance of Responsibility**

      Mr. Cheng submits that notwithstanding his violation of the conditions of his bail conditions subsequent to his guilty plea - a violation which also resulted in the revocation of his cooperation agreement - he should receive a three-level reduction for acceptance of responsibility. This acceptance of responsibility reduction is warranted in light of his early guilty plea, his pre-arrest conduct wherein he sought to cooperate with the government after his immigration arrest knowing that the government had chosen not to charge him in the related *United States v. Qian Zheng*, ("Cash") indictment, and his acknowledgment of his involvement in both the count to which he has pleaded guilty and the relevant conduct for which he agreed to be held responsible at sentencing.

      Under the circumstances here, where Mr. Cheng has already suffered a substantial penalty for the conduct by losing the benefit of the cooperation agreement,[1] this Court need not and should not also deny him credit for accepting responsibility by timely pleading guilty.

---

[1]    Included in the cooperation agreement was the provision that Mr. Cheng could continue to cooperate pro-actively with law enforcement after the termination of this matter, thereby forestalling his mandatory deportation. That opportunity is now foreclosed.

The Second Circuit has held that acceptance of responsibility credit need not be denied when a defendant has committed a new crime while released on bail on the prior offense. *United States v. Rodriguez*, 928 F.2d 65 (2d Cir. 1991). Accordingly, even if a defendant were to have committed new crimes or offenses after pleading guilty, it would not be procedural error to nevertheless credit the defendant with acceptance of responsibility. *Gall v. United States*, 128 S.Ct. 586, 597 (2007) (examples of procedural sentencing errors are "failing to calculate (or improperly calculating) the Guidelines range.") Given that this Court is allowed to credit Mr. Cheng with acceptance of responsibility, the relevant question is whether it would be reasonable to do so under the facts here. *See United States v. Cutler*, 520 F.3d 136, 156 (2d Cir. 2008) (appeals Court applies a " 'reasonableness standard' in reviewing sentences.")

A guilty plea "will constitute significant evidence of acceptance of responsibility" U.S.S.G. § 3E1.1cmt. n. 3. While this evidence of acceptance may be outweighed by inconsistent conduct, it is nevertheless still the starting point from which to determine eligibility for the three point reduction. The mere fact of a new arrest, for example, does not, without more, warrant denial of the reduction when sentencing a defendant who truthfully admitted his guilt of the underlying offense. *See United States v. Carthens*, 427 Fed. Appx. 216 (3d Cir. 2011) (district court erred in denying acceptance credit based on the record of a new arrest).

Even if the factual allegations in the Pre-Sentence Report ("PSR" and the government's sentencing submission are sufficient to establish that Mr. Cheng violated the terms of his pretrial release, this Court must determine whether Mr. Cheng has nevertheless accepted responsibility for his role in the underlying crimes, and in doing so, may consider both his efforts to cooperate with the government and the penalty he has suffered by losing the benefit of a cooperation agreement.

So, for example, district courts may credit a defendant with acceptance of responsibility even when he has violated the terms of his pretrial release and even (perhaps, particularly) when the government has refused to submit a 5K1.1 letter, despite the defendant's efforts to cooperate. *See United States v. Gordon*, 2005 WL 1801891, * 2 (W.D.N.Y. July 28, 2005) (in response to 28 U.S.C. 2255 petition, court notes that despite failing to appear in court and despite an arrest while on release for a felony charge of driving while intoxicated, defendant who lost 5K1.1 motion because government believed the cooperation agreement had been breached was nevertheless entitled to acceptance of responsibility credit.)

Here, Mr. Cheng has truthfully admitted his guilt in the underlying offenses. Indeed, in his efforts to cooperate with the government, not only was Mr. Cheng required to plead to guilty to an offense that he would not otherwise be charged with but he also agreed to be held responsible for misconduct that he admitted during his proffer meetings with the government. Now, he has lost the benefit of that cooperation agreement and is thus facing a substantially longer sentence than he would otherwise. Furthermore, he has also lost the agreement to work pro-actively with the government after the resolution of the instant matter - an agreement which would have enabled him to remain in the United States while engaged in such proactive

endeavors. This Court can and should consider the penalty already imposed on Mr. Cheng when assessing whether he is still entitled to acceptance of responsibility credit. Given his willingness to work with the government and his prior admissions of guilt and the penalty he has already suffered by the government's refusal to move for a sentence reduction under 5K1.1, it is wholly appropriate for this Court to reduce his offense level by three points under U.S.S.G. § 3E1.1.

### 2. The Incident Underlying Mr. Cheng's State Arrest on November 24, 2016

The PSR details Mr. Cheng's November 24, 2016 state arrest. *See* PSR ¶ 56. In the initial defense sentencing memorandum on behalf of Mr. Cheng, counsel requested that the Court not consider the extremely detailed and prejudicial account of the incident set forth therein as the state court is still pending and Mr. Cheng disputes many of the facts set forth in Paragraph 56.

The government, in its sentencing submission has submitted photographs of injuries sustained by "uncle" contending that Mr. Cheng inflicted these injuries outside on the street. They further discount the statements of a defense witness who observed what happened on the street claiming that the witness should be discredited because the witness was not honest about the extent of his relationship with Mr. Cheng. However, the fact that Uncle lied extensively about his injuries upon arrival at Lutheran Hospital should not make him credible.

What happened outside the video game store remains in dispute. However, there is no dispute about what happened inside the second video game store - it was captured on video. A copy of that video is attached hereto as Exhibit A. It shows Uncle and his partner in crime "12" sneaking up on Mr. Cheng who is standing by a video table quietly watching a player. Their sneak attack is brutal and violent. Cheng attempts to defend himself and in so doing is able to land some blows on Uncle. Uncle's attempts to claim that his injuries were inflicted outside the video game store are self-serving lies to distance himself from his own criminal activity.

Again, since the incident is not a factor in the guideline analysis and since it is still *sub judice* in the Kings County Criminal Court, the Court is asked not to consider the disputed facts of Paragraph 56 in determining a reasonable sentence for Mr. Cheng.

Respectfully submitted,

/s/

Joyce C. London

cc.: AUSA Nadia Moore (By Email)(w/out enclosure)

# EXHIBIT A