UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA

      -against-

JIAN GUO CHENG,

           Defendant.
-------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
16-cr-272 (CBA)

**AMON, United States District Judge:**

Jian Guo Cheng moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons stated below, Cheng's motion is DENIED.

## BACKGROUND

On May 23, 2016, Cheng pleaded guilty to one count of extortion, subject to a cooperation agreement with the government. The plea agreement also required Cheng to stipulate to his involvement in another incident of extortion. After he pleaded guilty, however, the government informed the court that they had discovered Cheng was operating an illegal gambling parlor while he was cooperating with the government, a violation of the terms of his cooperation agreement. (ECF Docket Entry ("D.E.") No. 35 at 3.) In addition, on November 24, 2016, Cheng was arrested by the New York City Police Department on a variety of charges for yelling at the mother of a witness during a November 2016 trial and then engaging in a physical altercation with the witness's father and cousin. Id. at 2-3. On August 11, 2017 and September 27, 2017, I presided over a Fatico hearing in which I determined that Cheng was not entitled to credit for accepting responsibility, and I stated that "there hasn't been a challenge to the fact that the defendant's continuing conduct and continuing to be involved in illegal gambling parlors and associating with known criminals would dictate a finding that he's not entitled to acceptance of responsibility."

(Tr. of Sept. 27, 2017 Hr'g 66:19-24.) On October 11, 2017, I sentenced Cheng to 68 months' imprisonment to be followed by a three-year term of supervised release. (See D.E. No. 46 at 42:4– 9.) Cheng is currently incarcerated at FCI Allenwood. His estimated date of release is October 21, 2021.

On May 13, 2021, Cheng, represented by counsel, filed a compassionate release request with the Warden of FCI Allenwood. On June 3, 2021, that motion was denied. On August 16, 2021, Cheng submitted his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) with this court. The government submitted its opposition to the motion on September 2, 2021.

## STANDARD OF REVIEW

Pursuant to § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court "may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The defendant generally "has the burden of showing that 'extraordinary and compelling reasons' to reduce his sentence exist." United States v. Gotti, 433 F. Supp. 3d 613, 619 (S.D.N.Y. 2020).

Section 3553(a) directs a sentencing court to consider: "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; the need for the sentence imposed "to reflect the seriousness of the offense, promote respect for the law, and . . . provide just punishment"; the need for deterrence; the need "to protect the public from future crimes of the defendant"; the need "to provide the defendant with needed educational or vocational training,

medical care, or other correctional treatment in the most effective manner"; "the kinds of sentences available"; United States Sentencing Commission guidance; and "the need to prevent unwarranted sentencing disparities." 18 U.S.C. § 3553(a)(1)–(6).

In United States v. Brooker, the Second Circuit determined that the passage of "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." 976 F.3d 228, 237 (2d Cir. 2020). Because "the Sentencing Commission has not updated its policy statement on compassionate release" "despite the material changes Congress made to compassionate release procedures in the First Step Act," the policy guidance provided by the Sentencing Commission in "Application Note 1(D) . . . [and] the now-outdated version of Guideline § 1B1.13 [does not] limit[] the district court's discretion." Id. at 233–34, 237. In other words, when a prisoner, rather than the Bureau of Prisons, brings a compassionate release motion, the guidance provided by the Sentencing Commission may be useful in determining "extraordinary and compelling" reasons, but it is not controlling.

## DISCUSSION

Cheng's motion is based on his risk of experiencing a severe case of COVID-19 given his asthma diagnosis, which he argues puts him at an increased risk of contracting a severe case of COVID-19. As Cheng concedes, however, he has already contracted COVID-19 and recovered from it. (D.E. No. 55 ("Mot.") at 3.) Moreover, a review of his medical record suggests that his experience with COVID-19 was mild. (D.E. No 57-1 at 28) ("[Inmate] presents for initial evaluation following a positive COVID-19 test . . . [he] denies fevers, body aches, fatigue, h/a, loss of the sense of smell or taste, runny nose, congestion, sore throat, CP, cough, SOB, or n/v/d.")

3

Moreover, Cheng was given the opportunity to receive a vaccine that protects against COVID-19 and declined to take it. (Id. at 67.)

The fact that Cheng has contracted and recovered from COVID-19 and that he was offered and declined a COVID-19 vaccine militates against a finding of "extraordinary and compelling" reasons warranting a reduction in his term of imprisonment. His motion for compassionate release is therefore denied.

When deciding a motion brought pursuant to § 3582(c)(1)(A), the "threshold [merits] question is whether the defendant has shown that 'extraordinary and compelling reasons' exist to reduce the defendant's sentence." United States v. Hidalgo, 462 F. Supp. 3d 470, 472, (S.D.N.Y. 2020). Cheng has failed to do so.

In sum, Cheng argues that he "has a pre-existing condition akin to asthma" and that "after contracting COVID-19" at FCI Allenwood "Mr. Cheng continues to suffer fatigue and at times, he has to pound his chest so that he can force air into his lungs." (Mot. 3.) The Government notes that Cheng's medical records do not include an asthma diagnosis, or any other reports of difficulty breathing. (D.E. No. 57 at 7.) Even if I were to credit Cheng's asthma, he has already recovered from COVID-19 and declined to accept the COVD-19 vaccine when it was offered to him. Under these circumstances, a finding of "extraordinary and compelling" circumstances would be inappropriate. See United States v. Skyers, 16-CR-377 (MKB), 2021 WL 2333556, at *3 (E.D.N.Y. June 7, 2021) ("Skyers' refusal to take the COVID-19 vaccine and his prior recovery from COVID-19 weigh against a finding that extraordinary and compelling circumstances exist."); United States v. Robinson, 17-cr-611-7 (AT), 2021 WL 1565663, at *3 (S.D.N.Y. Apr. 21, 2021) (noting that "courts in this district and elsewhere have nearly uniformly denied compassionate release" where the inmate refused to take the COVID-19 vaccine, and arguing that "refusal to take

a vaccine that has been shown to be effective at preventing COVID-19 . . . undercuts [a defendant's] fear of infection.") I therefore find that the health risks posed to Cheng by the COVID-19 pandemic do not constitute extraordinary and compelling circumstances.

Moreover, even if Cheng could establish extraordinary and compelling circumstances, I would nonetheless deny his motion for compassionate release based on an assessment of the § 3553(a) factors. See United States v. Lisi, 440 F. Supp. 3d 246, 253 (S.D.N.Y. 2020) (denying a compassionate release motion based on assessment of the § 3553(a) factors where movant presented extraordinary and compelling reasons for his early release). As discussed above, Cheng's offense was serious, and even after he accepted a plea agreement and agreed to a cooperation agreement, he continued engaging in criminal behavior. (See Tr. of Sept. 27, 2017 Hr'g 66.) The seriousness of Cheng's offense combined with my determination that he was not entitled to a finding that he had accepted responsibility underscore the need for his sentence to promote the law and the need for general deterrence. As a result, Cheng's motion is denied.

SO ORDERED.

Dated: October 2, 2021
      Brooklyn, New York

                                         Carol Bagley Amon
                                         United States District Judge